Citation Nr: 1725260 
Decision Date: 06/20/17 Archive Date: 07/17/17

DOCKET NO. 14-20 973A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for right ear hearing loss.

2. Entitlement to service connection for left ear hearing loss.

3. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. E. Miller, Associate Counsel



INTRODUCTION

The Veteran served in the U.S. Navy from December 1951 to October 1959.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a January 2012 decision of the Cleveland, Ohio, Regional Office (RO).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issues of service connection for left ear hearing loss and for tinnitus are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Right ear hearing loss was not caused by service and did not manifest to a compensable degree within one year of service separation.


CONCLUSION OF LAW

The criteria for service connection for right ear hearing loss have not been met. 38 U.S.C.A. §§ 1110, 1131, 1137, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.326(a), 3.385 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and to Assist

VA has a duty to notify claimants about the claims process and a duty to assist them in obtaining evidence in support of their claim. VA has issued several notices to the Veteran including a June 2011 notice which informed him of the evidence generally needed to support his claims; what actions he needed to undertake; and how VA would assist him in developing his claims. The June 2011 notice was issued to the Veteran prior to the January 2012 rating decision from which the instant appeal arises. All identified and available relevant documentation has been secured to the extent possible and all relevant facts have been developed. There remains no question as to the substantial completeness of the claims. 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.326(a). For these reasons, the Board finds that the VA's duties to notify and to assist have been met.

II. Analysis

Service connection may be granted for current disability arising from disease or injury incurred or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Hearing loss is an organic disease of the nervous system and is a "chronic disease" listed under 38 C.F.R. § 3.309(a). Therefore, the provisions of 38 C.F.R. § 3.303(b) are for application. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such during active service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected unless they are clearly attributable to intercurrent causes. Generally, if a condition noted during active service is not shown to be chronic, then, a "continuity of symptoms" after service is required to establish service connection. 38 C.F.R. § 3.303(b). 

Additionally, as a chronic disease, hearing loss will be considered to have been incurred in or aggravated by service if the disease becomes manifest to a compensable degree within one year from the date of service separation. 38 C.F.R. § 3.307(a)(3).

Service connection for impaired hearing shall be established when the thresholds for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz are 40 decibels or more; or the thresholds for at least three of these frequencies are 26 decibels; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2016). 

The Veteran has right ear hearing loss that meets the requirements stated in 38 C.F.R. § 3.385.

On a December 1951 physical examination for service entrance, the Veteran had normal ears, registered a 15/15 on a whisper test, and was given a 1 for hearing on the PULHES physical profile. On a November 1955 reenlistment examination, the Veteran again had normal ears and registered a 15/15 on a whisper test. On an October 1959 physical examination for service separation, the Veteran had normal ears and his hearing was recorded only at 4000 Hertz. When converted from American Standards Association (ASA) units to International Standards Organization-American National Standards Institute (ISO-ANSI) units, the pure tone threshold was 15 decibels. A notation of 0% was also made for the right ear.

On a July 2011 Application for Compensation, the Veteran wrote that he served aboard the U.S.S. Tarawa and had duties on the flight deck where he was exposed to noise from jet engines. He noted that he served as a corpsman and did not wear ear plugs.

In September 2011, the Veteran was afforded a VA audiological examination. The Veteran reiterated his in-service noise exposure from jet engines while serving on aircraft carriers and that he could not wear hearing protection while performing his duties as a corpsman. He reported no post-service occupational noise exposure and occasional hunting as his only recreational noise exposure. The examiner noted that the Veteran had been exposed to acoustic trauma while in service. The examiner wrote that the Veteran's hearing test at service separation "was unclear" and opined that the Veteran's hearing loss was less likely than not due to in service noise exposure and "more likely due to civilian noise exposure, presbycusis, and/or some other etiology." As the examiner could not interpret the Veteran's physical examination for service separation hearing test and because the examiner did not indicate a specific cause for the Veteran's hearing loss, this opinion is inadequate and is of no probative value.

In a May 2013 written statement, the Veteran's private otolaryngologist noted the Veteran's in-service noise exposure from jet engines, stated that the Veteran had sensorineural deafness in his right ear, and opined that this hearing loss was "probably unrelated" to service.

A preponderance of the evidence is against a finding that the Veteran's right ear hearing loss was caused by service. Although the Veteran has right ear sensorineural hearing loss and had in-service noise exposure, the Veteran's private otolaryngologist opined that this was less likely than not caused by service. Additionally, there is no evidence that the Veteran's right ear hearing loss manifested to a compensable degree within one year of service separation. Therefore, service connection is not warranted and the claim is denied.


ORDER

Service connection for right ear hearing loss is denied.





REMAND

As noted above, the September 2011 VA medical opinion is inadequate. In his May 2013 opinion, the Veteran's private otolaryngologist wrote that the Veteran had mild sloping to moderately severe sensorineural hearing loss in the left ear and opined that the Veteran's left ear hearing loss "is more likely than not in part attributable to his remote history of military noise exposure." Remand is necessary to obtain a new VA medical opinion that addresses this private opinion and which explains the Veteran's physical examination for service separation hearing test results.

Remand is also necessary to obtain a new opinion as to the cause of the Veteran's tinnitus. The examiner did not address the cause of tinnitus in the opinion provided, stated facts contrary to the record, and the only rationale for the negative nexus opinion provided by the examiner was that the Veteran reported right ear tinnitus began six months prior. Additionally, the examiner stated that the Veteran's file did not contain any reports of tinnitus by him despite his NOD addressing tinnitus. 

The case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for a VA audiology examination WITH AN EXAMINER OTHER THAN THE ONE WHO PERFORMED HIS SEPTEMBER 2011 EXAMINATION to obtain an opinion as to the nature and etiology of his left ear hearing loss and tinnitus. All indicated tests and studies should be accomplished and the findings reported in detail. 

All relevant medical records must be made available to the examiner for review of pertinent documents. The examination report should specifically state that such a review was conducted. The examiner must provide a comprehensive explanation for all opinions provided.

The examiner should address the following:

a. whether the Veteran's left ear hearing loss was caused by his in-service noise exposure.

b. whether the Veteran had left ear hearing loss on service separation.

c. whether the Veteran's in-service hearing tests indicate a threshold shift in his hearing while in service.

d. whether the Veteran's tinnitus was caused by his in-service noise exposure.

e. whether the Veteran's tinnitus was caused by his hearing loss disorder.

The examiner's attention is drawn to the following:

*December 1951 physical examination for service entrance stating that the Veteran's ears were normal, he had 15/15 on a whisper test, and 1 for hearing on the PULHES profile. VBMS Entry 10/30/2014, p. 20-21.

*November 1955 reenlistment examination stating that the Veteran's ears were normal and he had a 15/15 on a whisper test. VBMS Entry 10/30/2014, p. 17-18.

*October 1959 physical examination for service separation stating that the Veteran's ears were normal, listing pure tone thresholds recorded at 4000 Hertz, and listing 0% for each ear.

*July 2011 Application for Compensation where the Veteran described his in-service noise exposure and that his ear drums would rattle from the jet plane engine noise.

*July 2011 written statement from the Veteran where he stated that his only significant noise exposure was in service.

*August 2012 NOD where the Veteran described his in-service noise exposure, his post-service hunting experiences, and tinnitus.

*May 2013 private medical opinion stating that the Veteran's left ear hearing loss was "more likely than not in part attributable to his remote history of military noise exposure."

2. Readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs